**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| David Chapdelaine, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  1:14-cv-10077 |
| v. | : | |
| | : | |
| Midland Credit Management, Inc.; and | : | **COMPLAINT** |
| DOES 1-10, inclusive, | : | |
| | : | |
| Defendants. | : | |
| | : | |

For this Complaint, Plaintiff, David Chapdelaine, by undersigned counsel, states as

follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's

personal privacy by Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      Plaintiff, David Chapdelaine ("Plaintiff"), is an adult individual residing in Fall

River, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Midland Credit Management, Inc. ("Midland"), is a California

business entity with an address of 8875 Aero Drive, Suite 200, San Diego, California 92123,

operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C.

§ 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by Midland and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     Midland at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an online shopping network Fingerhut (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Midland for collection, or Midland was employed by the Creditor to collect the Debt.

11.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Midland Engages in Harassment and Abusive Tactics

12.     Within the last year, Midland contacted Plaintiff in an attempt to collect the Debt.

13.     During the initial telephone conversation and during each communication thereafter, Plaintiff refused to pay the debt, informing Midland that he was unemployed and unable to pay the Debt.

14.     Nonetheless, Midland continued to harass Plaintiff with calls.  On several occasions, Midland hung up on Plaintiff when he answered the calls.

15.     Midland was also rude and unprofessional when speaking with Plaintiff,

2

continuously asking Plaintiff how he paid his bills and telling Plaintiff to "take responsibility" for his financial choices.

16.     In addition, Midland failed to inform Plaintiff of his rights under state and federal law by written correspondence within five days after the initial communication.

**C.  Plaintiff Suffered Actual Damages**

17.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

18.     As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.***

19.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

21.     Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations with the intent to annoy and harass Plaintiff.

22.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff.

24.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25.     Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

26.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

28.     Massachusetts further recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

29.     Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with numerous calls.

30.     The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

31.     As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

32.     All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

4

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

   § 1692k(a)(3);

4. Actual damages from Defendants for the all damages including emotional

   distress suffered as a result of the intentional, reckless, and/or negligent

   FDCPA violations and intentional, reckless, and/or negligent invasions of

   privacy in an amount to be determined at trial for Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 13, 2014

Respectfully submitted,

By   */s/ Sergei Lemberg*

Sergei Lemberg (BBO# 650671)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff